UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELISSA RODRIGUEZ, | : |
| Plaintiff, | : |
| vs. | : No. 3:11cv0459(MRK)(WIG) |
| MICHAEL J. ASTRUE,<br>Commissioner of<br>Social Security Administration, | :<br><br>: |
| Defendant. | : |

-------------------------------------------------------------X

RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Plaintiff, the prevailing party in this case, has moved for an award of attorney's fees of $7,507.02 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. # 26]. Defendant does not challenge her entitlement to an award of fees nor does he oppose her requested hourly rate of $182.97, but Defendant does challenge 4.85 hours as not compensable under the EAJA.

The EAJA direct that courts "shall award to a prevailing party . . . fees and other expenses incurred by that party," unless the court finds that the position of the United States was substantially unjustified or that special circumstances make an award unjust. 28 U.S.C. § 2412 (d)(1)(A). The party seeking an award of fees has the burden of showing that the requested fees are reasonable. *Taylor v. Astrue*, No. 3:09cv1791(MRK), 2011 WL 1752239, at *3 (D. Conn. May 9, 2011). Determination of what constitutes a reasonable fee rests within the sound discretion of the district court. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Aston v. Sec'y of*

*Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986).

Defendant challenges .65 hours on January 26, 2012, for "[t]elephone consultation & counsel regarding inability to pay rent and regarding adhesions, referral," and .45 hours on May 22, 2012, for an unspecified "office consultation," which took place more than three weeks after this case had concluded with the entry of judgment in Plaintiff's favor. The Court agrees that, based upon counsel's own time entries, these hours are not compensable as they are not related to this Social Security appeal.

Defendant next challenges 1.5 hours on January 25, 2012, for "review, print, proof memorandum, print prepare mailing courtesy copies, copy to client, etc.," and .25 hours on March 31, 2011, for "printout summons & order of Court" as secretarial work. This Court has previously held that compensation should not be awarded for tasks that are clerical or administrative in nature. *Cobb v. Astrue*, No. 3:08cv1130(MRK), 2009 WL 2940205, at *2 (D. Conn. Sept. 2, 2009). However, the Court disagrees with Defendant's premise that proof-reading a 17-page legal memorandum is necessarily clerical work. Proof-reading could be for substantive editing changes just as it could be for clerical errors. Therefore, the Court will allow 1.0 hour of the 1.5 hours on January 25, 2012, but will disallow recovery for the remaining hours spent on January 25, 2012, and March 31, 2011, as this time appears to have been spent on purely clerical tasks.

Defendant also asks this Court to disallow the time spent on December 6, 2010, for work performed before the agency and not before this Court. The entry for .35 hours reads "[t]elephone call, initial, regarding hearing at ODAR & medical history." This took place two months before the next entry which was for an "office consultation following AC [Appeals

Council] denial discussion of options," and three months before this action was filed. Under the EAJA, fees must arise from a civil action and not work before the administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 94-97 (1991). Therefore, this time will be disallowed.

Last, Defendant asks the Court to reduce to 1.0 hour the 2.65 hours spent on June 7, 2012, in drafting an EAJA fee petition. Plaintiff's fee application consisted of a motion that was three pages in length and a two-page affidavit of counsel, with a copy of counsel's time records also two-pages in length. The Court agrees that the amount of time spent in preparing this application was excessive, given that the motion and affidavit are largely boilerplate. *See Taylor*, 2011 WL 1752239, at *3 (allowing counsel to bill only 1.0 hour for an EAJA motion for attorney's fees that was copied largely verbatim from other similar motions submitted by counsel). Accordingly, the Court will reduce the requested fees for this entry to 1.0 hour.

Therefore, for the reasons set forth above, the Court reduces Plaintiff's requested fee award by 3.85 hours, or $704.43, and grants Plaintiff's Motion for Attorney's Fees in the amount of $6,802.59. This is not a Recommended Ruling as the parties consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge. *See* Fed. R. Civ. P. 73(b).

It is SO ORDERED, this     28th     day of August, 2012, at Bridgeport, Connecticut.

                                                      /s/ *William I. Garfinkel*
                                                      WILLIAM I. GARFINKEL
                                                      United States Magistrate Judge